**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Southern</u>     District of <u>New York</u>
                              (State)

Case number (*If known*):_____  Chapter <u>11</u>

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  **Azul IP Cayman Ltd.**

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names, and *doing business as* names

**None**

**3. Debtor's federal Employer Identification Number (EIN)**  **N/A**

**4. Debtor's address**

**Principal place of business**

**PO Box 309, Ugland House, South Church Street**
Number    Street

**George Town, Grand Cayman KY1-1104 Cayman Islands**
City    State    ZIP Code

County

**Mailing address, if different from principal place of business**

Number    Street

P.O. Box

City    State    ZIP Code

**Location of principal assets, if different from principal place of business**

Number Street

City    State    ZIP Code

**5. Debtor's website (URL)**  **N/A**

Company Code: 18

Debtor   <u>Azul IP Cayman Ltd.</u>                                             Case Number *(if known)* _____

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4811**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

　　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

　　☐ A plan is being filed with this petition.

　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____ When _____ Case number _____
　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY
　　　　District _____ When _____ Case number _____
　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY

Debtor    Azul IP Cayman Ltd.                                              Case Number *(if known)* _____

| 10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ☒ Yes.  Debtor **See Schedule 1**                          Relationship **Affiliates** <br>           District **Southern District of NY**             When   Date hereof <br>                                                                               MM / DD / YYYY <br>           Case number, if known _____ |
|---|---|
| 11. **Why is the case filed in *this district*?** | *Check all that apply:* <br> ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. <br> ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| 12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No <br> ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. <br> **Why does the property need immediate attention?** *(Check all that apply.)* <br> ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. <br>     What is the hazard? _____ <br> ☐ It needs to be physically secured or protected from the weather. <br> ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). <br> ☐ Other _____ <br><br> **Where is the property?** _____ <br>                                              Number    Street <br> _____ <br> City                                                         State ZIP Code <br><br> **Is the property insured?** <br> ☐ No <br> ☐ Yes. Insurance agency _____ <br>           Contact name _____ <br>           Phone _____ |

### Statistical and administrative information

| 13. **Debtor's estimation of available funds (Consolidated)** | *Check one:* <br> ☒ Funds will be available for distribution to unsecured creditors. <br> ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|
| 14. **Estimated number of creditors (Consolidated)** | ☐ 1-49          ☒ 1,000-5,000          ☐ 25,001-50,000 <br> ☐ 50-99         ☐ 5,001-10,000        ☐ 50,001-100,000 <br> ☐ 100-199       ☐ 10,001-25,000       ☐ More than 100,000 <br> ☐ 200-999 |

Official Form 201                    Voluntary Petition for Non-Individuals Filing for Bankruptcy                    page **3**

Debtor    Azul IP Cayman Ltd.                                    Case Number *(if known)* _____

| 15. **Estimated assets** (Consolidated) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| 16. **Estimated liabilities** (Consolidated) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/28/2025
              MM / DD / YYYY

✗ /s/ Samuel Aguirre                     **Samuel Aguirre**
Signature of authorized representative of debtor    Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

✗ /s/ Timothy Graulich                   Date  05/28/2025
Signature of attorney for debtor                   MM / DD / YYYY

**Timothy Graulich**
Printed name
**Davis Polk & Wardwell LLP**
Firm name
**450 Lexington Avenue**
Number       Street
**New York, NY 10017**
City    State    ZIP Code

**(212) 450-4639**                        **timothy.graulich@davispolk.com**
Contact phone                             Email address

**2661445**                               **NY**
Bar number                                State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **4**

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of AZUL S.A.

- Azul S.A.
- Azul Linhas Aéreas Brasileiras S.A.
- IntelAzul S.A.
- ATS Viagens e Turismo Ltda.
- Azul Secured Finance II LLP
- Azul Secured Finance LLP
- Canela Investments LLC
- Azul Investments LLP
- Azul Finance LLC
- Azul Finance 2 LLC
- Blue Sabia LLC
- Azul SOL LLC
- Azul Saira LLC
- Azul Conecta Ltda
- Cruzeiro Participações S.A.
- ATSVP – Viagens Portugal, Unipessoal LDA
- Azul IP Cayman Holdco Ltd.
- Azul IP Cayman Ltd.
- Canela Turbo Three LLC
- Canela 336 LLC Chapter 11

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **AZUL IP CAYMAN LTD.,** | Case No. 25-[●] ([●]) |
| Debtor. | **(Joint Administration Requested)** |

# CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **Exhibit A** is a corporate structure chart (the "**Corporate Structure Chart**") reflecting the ownership interests of Azul S.A. (the "**Debtor**") and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases. The Debtors respectfully represent, as of the date hereof, the following:

1. Each Debtor identified on the Corporate Structure Chart, other than Azul S.A., ATS Viagens e Turismo Ltda., Cruzeiro Participações S.A., Azul IP Cayman Holdco Ltd., and Azul IP Cayman Ltd. is owned in its entirety by its direct parent.

2. Azul S.A. is the ultimate parent of each of the Debtors. The following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the equity interest of Azul S.A.

| Shareholder | Approximate Percentage of Shares |
|---|---|
| TRIP Participações S/A | 33% |

**Exhibit A**

**Corporate Structure Chart**

25-11182-shl    Doc 1    Filed 05/28/25    Entered 05/28/25 07:23:54    Main Document
Pg 7 of 20

# Azul – Organizational Chart

**Key**

| Flags | Shapes | Lines |
|---|---|---|
| 🇰🇾 Cayman Islands | ▭ Debtor | ----- Pending Dissolution |
| 🇧🇷 Brazil | ◯ Non-Debtor | |
| 🇺🇸 United States (DE) | | |
| 🇵🇹 Portugal | | |

- **Azul S.A.** 🇧🇷
  - 99.99% → **Azul Linhas Aéreas Brasileiras S.A.** 🇧🇷
    - 99.99% → **ATS Viagens e Turismo Ltda.** 🇧🇷
      - 24.99% → **ATSVP – Viagens Portugal, Unipessoal LDA.** 🇵🇹
    - 24.99% → **Azul Secured Finance II LLP** 🇺🇸
    - **Azul Secured Finance LLP** 🇺🇸
    - **Azul Investments LLP** 🇺🇸
    - **Azul Finance LLC** 🇺🇸
    - **Azul Finance 2 LLC** 🇺🇸
    - **Blue Sabia LLC** 🇺🇸
    - **Azul SOL LLC** 🇺🇸
    - **Canela Investments LLC** 🇺🇸
      - **Canela Turbo Three LLC** 🇺🇸
      - **Canela 336 LLC** 🇺🇸
    - **Azul Saira LLC** 🇺🇸
    - **Azul Conecta Ltda.** 🇧🇷
    - 99.99% → **Cruzeiro Participações S.A.** 🇧🇷
    - 24.99% → *Azul Cargo IP Cayman Holdco Ltd.* 🇰🇾 (Pending Dissolution)
      - *Azul Cargo IP Cayman Ltd.* 🇰🇾 (Pending Dissolution)
  - 99.99% → **IntelAzul S.A.** 🇧🇷
- 24.99% (from Azul S.A.) → **Azul IP Cayman Holdco Ltd.** 🇰🇾
  - 99.99% → **Azul IP Cayman Ltd.** 🇰🇾

Ownership is 100% unless stated

davispolk.com

Davis Polk    Azul

**Azul IP Cayman Ltd.**

(the "**Company**")

UNANIMOUS WRITTEN RESOLUTIONS OF THE BOARD OF DIRECTORS OF THE COMPANY

1     **Conflicts of Interest**

Each of John Peter Rodgerson, Alexandre Wagner Malfitani and Abhi Manoj Shah gives general notice for the record that they are an employee of Azul S.A. ("**Azul**"), and should be regarded as interested accordingly in any transaction involving the Company, Azul and/or any subsidiary or affiliate of Azul, including without limitation, Azul IP Cayman Holdco Ltd. ("**IP HoldCo**"), Azul Secured Finance LLP (the "**Issuer**"), Azul Linhas Aéreas Brasileiras S.A. ("**Azul Linhas**"), IntelAzul S.A. ("**IntelAzul**") or ATS Viagens e Turismo Ltda. ("**Azul Viagens**").

Gennie Bigord gives general notice for the record that she is an employee of Walkers Fiduciary Limited and should be regarded as interested accordingly in any transaction involving Walkers Fiduciary Limited or any affiliate of Walkers Fiduciary Limited ("**WFL**").

2     **Securitisation Transaction**

2.1    It is noted that:

(a)    the Company had previously, as a guarantor and pledgor, entered into certain securitisation transactions (the "**Existing Transactions**") involving, inter alia, the issue by the Issuer, a limited liability partnership formed under the laws of the State of Delaware, of certain senior secured notes. The obligations under the Existing Transactions have been secured, among other things, over the shares in the Company with the priority of such security regulated pursuant to the amended and restated intercreditor, collateral sharing and accounts agreement dated 28 January 2025 between, among others, the Issuer as issuer, Azul as parent guarantor, the other obligors party thereto (the "**Azul Group**"), TMF Brasil Administração e Gestão de Ativos Ltda. as Brazilian Collateral Agent, UMB BANK, N.A. as the U.S. Collateral Agent (the "**U.S. Collateral Agent**") and as Trustee, AerCap Administrative Services Limited and Vórtx Distribuidora De Títulos e Valores Mobiliários Ltda., each as representatives of certain secured creditors thereunder, and the other persons that become party thereto from time to time pursuant to the terms thereof, as such agreement may be further amended, restated, amended and restated, supplemented, confirmed or otherwise modified, renewed or replaced from time to time; and

(b)    in connection with the Existing Transaction, certain documentation had been entered into by the Company and/or its shareholder or in relation to the Company, inter alia, the following documents (together, the "**Existing Documents**"):

(i)    the special share issued in the capital of the Company is held by Walkers Fiduciary Limited in its capacity as trustee, subject to the terms of the Declaration of Trust dated 14 July 2023 from WFL as special shareholder of the Company;

(ii)    the equitable share mortgage dated 14 July 2023 between IP HoldCo as mortgagor and the U.S. Collateral Agent as mortgagee (the "**Secured Party**") in relation to the shares in the Company as confirmed and supplemented from time to time including

        by (i) a deed of confirmation dated 20 July 2023 between IP HoldCo and the Secured Party, (ii) a deed of confirmation dated 31 October 2023 between IP HoldCo and the Secured Party, (iii) a deed of confirmation dated 8 February 2024 between IP HoldCo and the Secured Party, and (iv) a deed of confirmation dated 30 October 2024 between IP HoldCo and the Secured Party; and

    (iii)    certain amendmentss to the Articles (as defined below).

  (c)    The Azul Group is undertaking a comprehensive restructuring with respect to its financing arrangements, including the Existing Transaction (the "**Financial Restructuring**") details of which are set out in a restructuring support agreement to be entered into between, *inter alios*, Azul and the consenting stakeholders named therein (the "**Restructuring Support Agreement**");

## 3   Material Action

3.1    It is noted that the amended and restated memorandum and articles of association of the Company had been adopted on 28 January 2025 (the "**Articles**"). It is noted that capitalised terms used but not defined herein shall have the meanings given to such term in the Articles.

3.2    It is proposed that in connection with the Financial Restructuring the Company file a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Filing**").

3.3    It is further noted that the Bankruptcy Filing would constitute "Insolvency Proceedings" as defined in the Articles.

3.4    It is further noted that the institution or consent to the institution of Insolvency Proceedings constitutes a "Material Action" as defined in the Articles.

3.5    It is further noted that, pursuant to Article 93 of the Articles, notwithstanding anything contained in the Articles, the Independent Director shall be entitled solely to receive notice of, attend, speak at, and vote at, a meeting of the Directors in relation to any Material Action (and not in relation to any other matter). Subject to the Companies Act, the Articles (in particular, but without limitation, those restrictions set out in the Bankruptcy Remoteness Provisions therein) and to any resolutions passed in a general meeting, the business of the Company shall be managed by the Directors, who may pay all expenses incurred in setting up and registering the Company and may exercise all powers of the Company. No resolution passed by the Company in general meeting shall invalidate any prior act of the Directors that would have been valid if that resolution had not been passed.

3.6    It is further noted that pursuant to Article 116 of the M&AA, a resolution in writing signed by all the Directors or all the members of a committee of Directors entitled to receive notice of a meeting of Directors or committee of Directors, as the case may be (an alternate Director, subject as provided otherwise in the terms of appointment of the alternate Director, being entitled to sign such a resolution on behalf of their appointer), shall be as valid and effectual as if it had been passed at a duly called and constituted meeting of Directors or committee of Directors, as the case may be.

3.7    It is further noted that, pursuant to Article 165 of the Articles, for so long as there are any Secured Obligations which are outstanding, the Directors may not cause the Company to enter into, and the Company may not enter into, any act which would constitute a Material Action unless: (a) previously approved by a Special Resolution, which shall include the affirmative vote of the Irrevocable Proxy;

(b) a majority of the Directors has voted to approve such Material Action; and (c) the Independent Director has voted to approve such Material Action.

3.8   It is noted that a Special Resolution, which included the approval of the Irrevocable Proxy, had been passed on or around the date of these written resolutions to approve the Bankruptcy Filing and the taking of a Material Action.

3.9   It is further noted that as the entry into Bankruptcy Filing was a Material Action, the Independent Director required to approve these written resolutions of the Company to approve such Material Action in accordance with the provisions of the Articles.

3.10  It is noted that each Director is required to act in the best interests of the Company.

3.11  Drafts of documents relating to the Bankruptcy Filing as set out in Schedule 1 (the "**Bankruptcy Filing Documents**") have been received and fully considered by the Directors.

3.12  It is noted that:

   (a)   the Directors have reviewed and had the opportunity to ask questions about the materials presented by the Azul Group management and the legal and financial advisors of Azul Group and the Company regarding the liabilities and liquidity of Azul Group and the Company, the strategic alternatives available, and the impact of the foregoing on Azul Group's and the Company's businesses;

   (b)   the Directors have had the opportunity to consult with the management and the legal and financial advisors of Azul Group and the Company to fully consider each of the strategic alternatives available to Azul Group and the Company;

   (c)   the Directors have considered presentations by management and the financial and legal advisors of Azul Group and the Company regarding the Bankruptcy Filing Documents;

   (d)   Azul Group has negotiated the Bankruptcy Filing Documents in good faith and at arm's-length with the Consenting Stakeholders; and

   (e)   the Directors have received, reviewed, and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of Azul Group and the Company regarding the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"),

3.13  and accordingly it is determined that it is in the Company's and its stakeholders' commercial interests and best interests that the Company should approve and, as the case may be, enter into the Bankruptcy Filing, the Bankruptcy Filing Documents.

3.14  Accordingly**,** it is unanimously resolved that:

   (a)   it is in the Company's commercial interests and best interests that the Company should approve and, as the case may be, make the Bankruptcy Filing and enter into and perform its obligations under the Bankruptcy Filing Documents;

   (b)   the Independent Director approves and consents to the Bankruptcy Filing and the taking of a Material Action in accordance with the provisions of the Articles;

(c) any Director be authorised to give, make, sign, execute (under hand or seal or as a deed) and deliver the Bankruptcy Filing Documents and any documents, agreements, letters, notices, certificates, acknowledgements, receipts, authorisations, instructions, releases, waivers, proxies, powers of attorney, appointments of agents for service of process and other documents (whether of a like nature or not) ("**Ancillary Documents**") as may in the sole opinion and absolute discretion of any Director be considered necessary or desirable for the purpose of giving effect to, consummating or completing or procuring the performance and completion of the Bankruptcy Filing;

(d) any Director be authorised to do all such acts and things (including, without limitation, opening all necessary bank accounts, the standard resolutions required concerning opening bank accounts with the relevant banks, being adopted as if set out in these resolutions in full, and any Director or any other person authorised by resolution of the Directors, all acting singly (unless otherwise resolved) being appointed as Director with respect to any such accounts) and to agree all fees, as might in the sole opinion and absolute discretion of any Director be necessary or desirable for the purpose of giving effect to, consummating or completing or procuring the performance and completion of the Bankruptcy Filing Documents and Bankruptcy Filing;

(e) the Ancillary Documents be in such form as any Director shall in such Director's absolute discretion and sole opinion approve, the signature of such Director on any of the Ancillary Documents being due evidence for all purposes of such Director's approval of the terms thereof on behalf of the Company;

(f) the Bankruptcy Filing Documents and Ancillary Documents (where required to be executed by the Company) be executed by the signature of any Director or, where required to be executed as a deed, be either (a) sealed by the affixing thereto of the common seal of the Company, and witnessed as required by the articles of association of the Company, or (b) executed as a deed by any Director on behalf of the Company;

(g) the Bankruptcy Filing Documents and the Ancillary Documents be valid, conclusive, binding on and enforceable against the Company when executed and delivered in the manner set out above;

(h) the Company hereby authorizes Samuel Aguirre of FTI Consulting, Inc. to act as a restructuring representative to the Company (the "**Chief Restructuring Officer**"), effective immediately and automatically (without further action or notice)

(i) the Chief Restructuring Officer (x) shall report directly to the Company's board of directors and (y) subject to any approval required by law or as set forth in any further resolution of the board of directors, as the case may be, shall be the officer of the Company empowered with sole authority with respect to, among other things (i) approval of and compliance with the approved budget, (ii) interacting with and directing the Company's professionals with respect to matters within the Chief Restructuring Officer's scope of authority, (iii) oversight of cash management of the Company and its U.S. subsidiaries, and (iv) interacting with and repatriation of cash, if possible, from non-U.S. subsidiaries;

(j) the Company and its subsidiaries shall provide the Chief Restructuring Officer with access to all financial and other information of the Company and its subsidiaries and their respective employees, officers and directors shall each be empowered to cooperate reasonably and in good faith with the Chief Restructuring Officer and provide access to all

|     |     |
| --- | --- |
|     | information reasonably requested by the Chief Restructuring Officer relating to the Company's and its subsidiaries' business and financial affairs and their assets and properties, including, without limitation, to the extent reasonably requested, the Company's and its subsidiaries' books and records and all information provided to any other existing or potential lender, investor, bidder or acquiror, and to their senior management and professional advisory teams; |
| (k) | each officer, including the Chief Restructuring Officer, or director of the Company, and each individual acting pursuant to a power of attorney for the Company, (each, an "**Authorised Person**") shall be, and hereby is, authorised on behalf of the Company to take any and all actions, to execute and deliver any and all documents, agreements, and instruments, and to take any and all steps deemed by any such Authorised Person to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions; and |
| (l) | all prior actions taken by any Director, officer (including the Chief Restructuring Officer) and agent for and on behalf of the Company in connection with the Bankruptcy Filing, Bankruptcy Filing Documents and the foregoing resolutions, including but not limited to, the signing of any agreements, resolutions, deeds, letters, notices, certificates, acknowledgements, receipts, authorisations, instructions, releases, waivers, proxies and other documents (whether of a like nature or not) and the payment of all and any related fees and expenses be confirmed, ratified and approved in all respects. |

[SIGNATURE PAGE FOLLOWS]

*[Signature page to written resolutions of the Directors of Azul IP Cayman Ltd.]*

_____
John Peter Rodgerson
Director
Date: May 27, 2025

_____
Alexandre Wagner Malfitani
Director
Date: May 27, 2025

_____
Abhi Manoj Shah
Director
Date: May 27, 2025

*[Signature page to written resolutions of the Directors of Azul IP Cayman Ltd.]*

_____

Gennie Bigord

Independent Director

Date:  27 May 2025

**Schedule 1**

The Bankruptcy Filing Documents

1. the Restructuring Support Agreement
2. the term sheet in respect of the Super Senior Secured Debtor-In-Possession Facility

Fill in this information to identify the case:

Debtor name __Azul S.A., et al.__

United States Bankruptcy Court for the: __Southern District of New York__ (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders      12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **UMB Bank, N.A.**  5910 N Central Expwy, Suite 1900  Dallas, TX 75206 | Attn: Israel Lugo  P: +1 (214) 389-5947  F: +1 (214) 336-0526  israel.lugo@umb.com | Bonds | U | $2,595,346,951 | $2,240,520,117 | **$354,826,834** |
| 2 | **Comando Da Aeronautica**  Avenida General Justo, 160  Predio E 009  Rio de Janeiro, RJ 20021-130  Brasil | Attn: President Or General Counsel  P: +55 (11) 5098-2000  F: +55 (21) 2101-4900 | Trade Debt | U | | | **$189,887,069** |
| 3 | **GE Engine Services Distribution LLC**  1 Neumann Way, Room 111  Customer Product Support  Cincinnati, OH 45215 | Attn: Laís Antunes  P: +55 (11) 95078-1524  lais.antunes@geaerospace.com | Trade Debt | C/U | | | **$141,717,246** |
| 4 | **Raizen S.A.**  Av Afonso Arinos De Melo Franco 222, Blc 2 Sal 321  Rio de Janeiro, RJ 22640-100  Brasil | Attn: Frederico Suano Pacheco De Araujo  P: +55 0300 777 5656  shellaviation@raizen.com | Trade Debt | U | | | **$72,054,935** |
| 5 | **Citibank, N.A.**  Av. Paulista, 1111  São Paulo, SP 01311-920  Brasil | Attn: Geny Zhao  P: +55 (11) 4009-0069  geny.zhao@citi.com | Line of Credit | U | | | **$60,338,789** |
| 6 | **Wilmington Trust SP Services (Dublin) Limited**  3 St. George's Dock, 4th Floor  Dublin, D01 X5X0  Ireland | Attn: Aercap C/O Breeda Cunningham  P: +353 1 612 5555  aercap@wilmingtontrust.com | Aircraft Notes | U | | | **$38,824,255** |
| 7 | **Air BP Brasil Ltda.**  Avenida Das Nacoes Unidas, 12399  Andar 4 Sala43 E 44 Parte Lado a  Sao Paulo, SP 04578-000  Brasil | Attn: Juliana Lamberth (Account Manager)  P: +55 (11) 93308-0693  juliana.lamberth@bp.com | Trade Debt | U | | | **$36,276,447** |
| 8 | **ATR Americas Inc**  1715 Nw 84th Ave  Doral, FL 33126 | Attn: Christopher Jones  P: +1 (571) 203-6900  christopher.jones@atr-aircraft.com | Trade Debt | C/U | | | **$32,750,931** |

| Debtor | Azul S.A., et al. | | | Case number *(if known)* | | |
| --- | --- | --- | --- | --- | --- | --- |
| | Name | | | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Ministerio Da Fazenda**  Esplanada Dos Ministerios  Bloco P 5.andar  Brasilia, DF 70048-900  Brasil | Attn: President Or General Counsel  P: +55 (21) 2334-4300  gabinete.ministro@fazenda.gov.br | Taxes | C/U/D | | | $22,947,031 |
| 10 | **GE Celma Ltda.**  Rua Luiz Winter, 381, #393  Petropolis, RJ 25665-431  Brasil | Attn: Ricardo Amaro  P: + 55 (24) 98136 1942  ricardo.amaro@geaerospace.com | Trade Debt | C/U | | | $21,690,792 |
| 11 | **CFM International Inc**  1 Neumann Way  Cincinnati, OH 45215 | Attn: Armand Luzi  P: +1 (513) 552-3272  armand.luzi@ge.com | Trade Debt | C/U | | | $19,731,683 |
| 12 | **Embraer Aircraft Customer Services**  276 Sw 34th St  Fort Lauderdale, FL 33315 | Attn: President Or General Counsel  P: +1 (954) 359-3700 | Trade Debt | | | | $18,990,362 |
| 13 | **RRPF Engine Leasing Limited**  1 Brewer's Green  London, SW1H 0RH  United Kingdom | Attn: Bobby Janagan  P: +44(0)7966 878224  bobby.janagan@rolls-royce.com | Engine Financing | C/U | | | $17,348,780 |
| 14 | **Embraer S.A.**  Rod. Floriano Rodrigues Pinheiro 333, Galpao F 41  Taubate, SP 12045-000  Brasil | Attn: Denis Esteves  P: +55 (12) 98157-0609  denis.esteves@embraer.com.br | Trade Debt | | | | $17,313,221 |
| 15 | **PK AirFinance S.a.r.l.**  1370 Avenue of the Americas  32nd Floor  New York, NY 10019 | Attn: Guillaume Degemard  gdegemard@apollo.com | Engine Financing | C/U | | | $14,838,171 |
| 16 | **NAC Aviation 17 Limited**  Bedford Place - Henry St, 5th Floor  Limerick, V94 K6YY  United Kingdom | Attn: President Or General Counsel  P: +353 61 432 400 | Promissory Notes | U | | | $13,875,189 |
| 17 | **Navitaire Inc**  333 S Seventh St, Suite 1700  Minneapolis, MN 55402 | Attn: Grody Evans  P: +1 (612) 317-7000  gordy.evans@navitaire.com | Trade Debt | C | | | $11,760,679 |
| 18 | **Wells Fargo Bank Northwest, N.A.**  260 N Charles Lindbergh Dr  Salt Lake City, UT 84116 | Attn: Val Orton  P: +1 (801) 246-5053  val.t.orton@wellsfargo.com | Equipment Leasing | C/U | | | $11,325,838 |
| 19 | **Sky High L Leasing Company Limi**  2 Grand Canal Sq  Dublin, D02 A342  Ireland | Attn: Icbc Aviation Leasing  C/O Catherine Kearns  P: +353 01 874-3050  ckearns@skyleasing.com | Trade Debt | C/U | | | $9,282,055 |
| 20 | **Bank of Utah**  200 E South Temple, Suite 210  Salt Lake City, UT 84111 | Attn: President Or General Counsel  P: +1 801 924-3690  aercap@bankofutah.com | Trade Debt | C/U | | | $7,347,921 |

Form 204         Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims         page 2

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Mapfre Seguros Gerais S.A.**<br>Avenida Das Nacoes Unidas, 14261<br>Andar 17 Ao 21 Ala a<br>Sao Paulo, SP 04794-000<br>Brasil | Attn: President Or General Counsel<br>P: +55 0800 775 4545 | Trade Debt | C/U | | | $6,838,103 |
| 22 | **Wilmington Trust Company**<br>1100 N Market St<br>Wilmington, DE 19890 | Attn: Azorra C/O Adam Vogelsong<br>P: +1 (302) 651-1000<br>avogelsong@wilmingtontrust.com | Trade Debt | C/U | | | $6,312,122 |
| 23 | **Sky High Leasing Company Limited**<br>2 Grand Canal Square<br>Grand Canal Harbour<br>Dublin, D02 A342<br>Ireland | Attn: Catherine Kearns<br>P: +353 01 874-3050<br>ckearns@skyleasing.com | Aircraft Notes | C/U | | | $6,041,768 |
| 24 | **Pratt E Whitney Engine Leasing LLC**<br>400 Main St<br>Hartford, CT 06118-3811 | Attn: General Manager<br>gppwengineleasing@prattwhitney.com | Trade Debt | C | | | $5,946,643 |
| 25 | **ATR Avions De Transport Regional**<br>1 Allee Pierre Nadot<br>Blagnac, Occitania 31700<br>France | Attn: Rahul Domergue<br>P: +33 (0)5 62 61 21<br>rahul.domergue@atr-aircraft.com | Trade Debt | | | | $5,328,366 |
| 26 | **Rolls Royce PLC Engine Overhaul Services**<br>Wilmore Rd, Gate 9<br>Derby, Leicestershire DE24 8DX<br>United Kingdom | Attn: Julio Grande<br>P: +55 (11) 99604-0759<br>julio.grande@rolls-royce.com | Trade Debt | | | | $5,327,151 |
| 27 | **SFV Aircraft Holdings IRE 12 DAC**<br>32 Molesworth St<br>Dublin, D02 Y512<br>Ireland | Attn: Catherine Kearns<br>P: +353 01 874-3050<br>ckearns@skyleasing.com | Trade Debt | C/U | | | $4,760,655 |
| 28 | **Airbus Americas CUST Serv Inc**<br>21780 Filigree Court<br>Ashburn, VA 20147 | Attn: President Or General Counsel<br>P: +1 (703) 724-1836 | Trade Debt | | | | $4,461,015 |
| 29 | **SFV Aircraft Holdings IRE 11 DAC**<br>32 Molesworth St<br>Dublin, D02 Y512<br>Ireland | Attn: Catherine Kearns<br>P: +353 01 874-3050<br>ckearns@skyleasing.com | Trade Debt | C/U | | | $4,174,861 |
| 30 | **Panasonic Avionics Corporation**<br>3347 Michelson Dr, Suite 100<br>Irvine, CA 92612 | Attn: Raphael Marinho<br>P: +1 (949) 672-2000<br>raphael.marinho@panasonic.aero | Trade Debt | C/U | | | $3,530,597 |

**Fill in this information to identify the case and this filing:**

Debtor Name: Azul IP Cayman Ltd.

United States Bankruptcy Court for the: Southern District of New York (State)

Case number (If known): _____

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/28/2025
MM / DD / YYYY

✗ /s/ Samuel Aguirre
Signature of individual signing on behalf of debtor

Samuel Aguirre
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**